UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>ARRYL</small> B<small>ULLARD</small>,

    Plaintiff,

v.

S<small>UNDSTROM</small>,

    Defendant.
_____/

Case No. 16-cv-12918

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>TEPHANIE</small> D<small>AWKINS</small> D<small>AVIS</small>

**O<small>RDER</small> D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION</small> F<small>OR</small> A<small>PPOINTMENT</small> O<small>F</small> C<small>OUNSEL</small> [16]**

Presently before the Court is Plaintiff Darryl Bullard's first Motion for Appointment of Counsel [16], filed January 6, 2017. "Appointed counsel in civil suits is a privilege only justified in exceptional circumstances." *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011). Here, Plaintiff has failed to demonstrate this is an exceptional case warranting the appointment of counsel. Moreover, the instant case, filed in August 2016, is still in the early stages of litigation. The Court may reconsider whether appointment of counsel is necessary at a later stage of the proceedings.

For these reasons, Plaintiff has failed to demonstrate the appointment of counsel is warranted. Plaintiff's Motion for Appointment of Counsel [16] is

therefore **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.


Dated: January 10, 2017        /s/ Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE